UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RONALD DYSON, | ) |
|       Petitioner, | ) |
|       v. | ) No. 2:24-cv-00295-JPH-MKK |
| J. WADAS, | ) |
|       Respondent. | ) |

**ORDER TO PETITIONER TO SHOW CAUSE**

Ronald Dyson has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. He is currently serving his sentence at the Federal Correctional Institution in Terre Haute, Indiana. He asserts that the Bureau of Prisons ("BOP") is wrongfully denying him time credits toward his sentence. For the reasons explained below, it appears that Petitioner is not entitled to relief, and he is ordered to **show cause** why his petition should not be dismissed.

**I. Screening of the Petition**

The § 2241 petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4.

1

## II. Legal Standard

The Attorney General, through the BOP, is responsible for administering a federal prisoner's sentence, including the computation of sentence credit. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Walker*, 917 F.3d 989, 993–94 (7th Cir. 2019). An inmate can challenge the calculation of his sentence, including time credits, in a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).

## III. Discussion

Petitioner is serving a federal sentence imposed by the U.S. District Court for the Northern District of Illinois. *United States v. Dyson*, No. 1:19-cr-00095 (N.D. Ill.) ("Cr. Dkt."). As relevant here, Petitioner was charged with: (1) possession within intent to distribute 400 grams or more of fentanyl[1] and one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 1); and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). Cr. Dkt. 33 (plea agreement). He pled guilty to and was convicted of Counts 1 and 3. Cr. Dkts. 33 (plea agreement), 55 (judgment). He was sentenced to an aggregate sentence of 180 months in prison, representing 120 months for the drug charge and a

---

[1] The statutory text refers to "N-Phenyl-N-[1-(2-phenylethyl)-4-pieridinyl] propanamide." 21 U.S.C. § 841(b)(1)(A)(vi). Petitioner's plea agreement specified that he was pleading guilty to possessing with intent to distribute 400 grams or more of "fentanyl (N-phenyl-N-[1-(2-phenylethy)-4-piperidinyl] propanamide." Cr. Dkt. 33 at 2. That is, Petitioner pled guilty to possessing the type and quantity of drugs covered by § 841(b)(1)(A)(vi). The Court uses the more common name for this substance—fentanyl—throughout the remainder of this Order.

2

consecutive term of 60 months for the firearm charge. Cr. Dkt. 55. The BOP's website indicates that Petitioner's anticipated release date (with good-conduct credits included) is November 30, 2031.[2]

Petitioner filed this § 2241 petition challenging the BOP's failure to apply earned time credits toward his sentence. In support of his habeas petition, Petitioner contends that the First Step Act of 2018 ("FSA") entitles him to time credits toward his sentence for his drug charge. Under the FSA, inmates convicted of certain offenses may earn up to 15 days of credit per month toward their sentences by completing programming and other productive activities. *See* 18 U.S.C. § 3632(d)(4)(A). The statute provides, however, that "[a] prisoner is ineligible to receive [such time credits] if the prisoner is serving a sentence for a conviction under" certain provisions of law, including 18 U.S.C. § 924(c), which is one of the crimes of which Petitioner was convicted. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). An inmate is also ineligible to earn FSA time credits if he is serving a sentence for possessing with intent to distribute a mixture or substance containing a detectable amount of fentanyl under 21 U.S.C. § 841(b)(1)(A)(vi), which applies when a defendant possesses with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi) ("A prisoner is ineligible to receive [FSA time credits] if the prisoner is serving a sentence for a conviction under any of the following provisions of law: . . . Subparagraph (A)(vi) or (B)(vi) of section 401(b) of the Controlled Substances Act (21 U.S.C.

---

[2] *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

3

841(b)(1)) . . . .").

When an eligible inmate earns FSA time credits, they may be applied to early transfer, supervised release, or prerelease custody (such as a halfway house), but only under certain circumstances. 18 U.S.C. § 3624(g). As relevant here, the credits cannot be applied toward a sentence unless the inmate has, among other things "earned [FSA time credits] in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment" and "a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk." 18 U.S.C. § 3624(g)(1)(A)-(B).

In his petition, Petitioner conceded that he is ineligible to earn FSA time credits for his firearm charge, recognizing that an inmate cannot earn such time credits while serving a sentence for a conviction under § 924(c). Dkt. 1 at 6, 8. He contends, though, that he *is* eligible to earn FSA time credits for his drug charge and complains that the BOP "cannot select the disqualifying offense to disqualify the both [sic] offenses, one of which is a qualifying offense." *Id.* at 7. As a result, he asks the Court to apply his FSA time credits to his drug conviction without regard to his disqualifying firearm conviction, for which he is not requesting credit. *Id.* at 8. The exhibits supporting the habeas petition reflect Petitioner's view that the BOP is impermissibly refusing to allow him to earn FSA time credits toward his drug conviction by "combining the & 841(a)(1) and & 924(c) mandatory minimums as if it is 'a single sentence.'" Dkt. 1-1 at 4 (punctuation in original).

4

There are at least two problems with Petitioner's argument.  First, the petition rests on the assumption that the BOP is improperly treating Petitioner as if he has a single sentence and disqualifying him from earning FSA time credits as to the drug charge even though that charge, standing alone, would not be disqualifying.  But Petitioner's exhibits show that not to be the case.  The BOP is not allowing him to earn FSA time credits because it has concluded that *both* of his crimes of conviction are disqualifying under the FSA.  Dkts. 1-1 at 2, 3.  Petitioner fails to explain why the BOP's conclusion that his drug crime is disqualifying is wrong.  Notably, Petitioner pled guilty to possessing with the intent to distribute 400 grams or more of a mixture of substance containing a detectable amount of fentanyl.  Such a conviction is covered by 18 U.S.C. § 841(b)(1)(B)(vi) and is specifically identified as disqualifying an inmate from earning FSA time credits.  *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi) ("A prisoner is ineligible to receive [FSA time credits] if the prisoner is serving a sentence for a conviction under any of the following provisions of law: . . . Subparagraph (A)(vi) or (B)(vi) of section 401(b) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) . . . .").

Second, even assuming that Petitioner is eligible to earn FSA time credits toward his drug conviction, he was sentenced to 10 years in prison for that conviction.  He has served nearly six years of that sentence.  Dkt. 1-1 at 10 (sentence monitoring report dated January 24, 2024, showing that Petitioner had served 5 years and 2 days of his sentence).  Petitioner does not specify how many FSA time credits he believes he has earned, but it is difficult to see how

5

he could have earned enough credits to meet the threshold for having FSA credits applied to that sentence, which is having earned credits in "an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).

Because Petitioner has not shown that the BOP's failure to apply FSA time credits toward his sentence for his drug charge violates the FSA, he is not entitled to relief.

## IV. Conclusion

Petitioner's motion to supplement his petition, dkt. [6], is **granted** to the extent that the Court has considered the arguments in the petition. Petitioner's supplemental arguments rely on the rationale of the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo,* 144 S. Ct. 2244 (2024). Under that rationale, he challenges the BOP's discretion to interpret the FSA to define convictions under § 924(c) as crimes of violence that disqualify inmates from the benefits of the FSA. But, as set forth above, convictions under § 924(c) are identified in the text of the FSA as disqualifying convictions. He therefore is not being denied the opportunity to earn FSA credits because of the BOP's interpretation of the statute.

Petitioner's motion to supplement his petition, dkt. [8], is also **granted** to the extent that the Court has considered the arguments in the petition. In this supplement, Mr. Dyson argues that not granting FSA time credits for qualifying offenses when he has also been convicted for a non-qualifying offense contravenes 28 C.F.R. § 523.41(d)(2). Mr. Dyson contends that this regulation

6

shows that he is actually serving two separate sentences for purposes of FSA time credit calculations—one for the firearm conviction, and the other for the drug conviction. But as explained above, both offenses of conviction are non-qualifying under the FSA. Therefore, Mr. Dyson's argument that his drug conviction is a qualifying offense lacks merit.

Accordingly, on or before **January 8, 2025,** Petitioner shall show cause why his § 2241 petition should not be dismissed. **Failure to respond to this Order will result in the dismissal of the habeas petition without further notice.**

**SO ORDERED.**

Date: 12/9/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RONALD DYSON
53755-424
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808